IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LARRY HINES, | | |
| | Petitioner, | No. 2:12-cv-2508 GGH P |
| vs. | | |
| GARY SWARTHOUT, | | ORDER & |
| | Respondent. | FINDINGS AND RECOMMENDATIONS |
| _____/ | | |

      Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the 2011 decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole.

      On January 24, 2011, the United States Supreme Court in a per curiam decision found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas context. Swarthout v. Cooke, ___ U.S. ___, 131 S. Ct. 859, 861 (2011). Quoting, inter alia, Estelle v. McGuire, 502 U.S. 62, 67 (1991), the Supreme Court re-affirmed that "'federal habeas corpus relief does not lie for errors of state law.'" Id.  While the high court found that the Ninth Circuit's holding that California law does create a liberty interest in parole was "a reasonable

application of our cases" (while explicitly not reviewing that holding),[1] the Supreme Court stated:

> When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal.

Swarthout v. Cooke, at 862.

Citing Greenholtz,[2] the Supreme Court noted it had found under another state's similar parole statute that a prisoner had "received adequate process" when "allowed an opportunity to be heard" and "provided a statement of the reasons why parole was denied." Swarthout v. Cooke, at 862.  Noting their holding therein that "[t]he Constitution [] does not require more," the justices in the instances before them, found the prisoners had "received at least this amount of process: They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied." Id.

The Supreme Court was emphatic in asserting "[t]hat should have been the beginning and the end of the federal habeas courts' inquiry...." Swarthout v. Cooke, at 862.  "It will not do to pronounce California's 'some evidence' rule to be 'a component' of the liberty interest...." Id., at 863. "No opinion of ours supports converting California's "some evidence"

---

[1] While not specifically overruling Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), the Supreme Court instead referenced Pearson v. Muntz, 606 F.3d 606 (9th Cir. 2010), which further explained Hayward.  Thus, the Supreme Court's decision in Swarthout, essentially overruled the general premise of Hayward.  When circuit authority is overruled by the Supreme Court, a district court is no longer bound by that authority, and need not wait until the authority is also expressly overruled.  See Miller v. Gammie, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc).  Furthermore, "circuit precedent, authoritative at the time it was issued, can be effectively overruled by subsequent Supreme Court decisions that 'are closely on point,' even though those decisions do not expressly overrule the prior circuit precedent." Miller, 335 F.3d at 899 (quoting Galbraith v. County of Santa Clara, 307 F.3d 1119, 1123 (9th Cir. 2002)).  Therefore, this court is not bound by Hayward.

[2] Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).

rule into a substantive federal requirement." Id., at 862. The Ninth Circuit recently noted that in light of Swarthout v. Cooke, certain Ninth Circuit jurisprudence had been reversed and "there is no substantive due process right created by California's parole scheme." Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011). Thus, there is no federal due process requirement for a "some evidence" review and federal courts are precluded from review of the state court's application of its "some evidence" standard.

Petitioner raises three claims in this case: 1) Proposition 9 that resulted in a longer period of time before his next parole hearing violated the Ex-post Facto Clause; 2) the BPH used an "illegal" psychological evaluation to deny parole; and 3) the BPH's use of the circumstances of his crime to deny parole violated the Fourteenth Amendment.

With respect to claims two and three, petitioner is essentially challenging the some evidence used to deny him parole. For example, petitioner does not agree with the conclusion of his psychological evaluation that he is a moderate risk of danger to the public. As discussed above, the evidence used to support the "some evidence" standard cannot be reviewed by this court. A review of the records attached to the petition indicates that petitioner was represented by counsel at the hearing and both petitioner and counsel were allowed to speak and contest the evidence. These claims may not be reviewed by this court and should be dismissed.

Petitioner also raises an ex post facto claim regarding Proposition 9 that changed California Penal Code § 3041.5(b)(2) which resulted in sometimes less-frequent parole hearings for inmates who have served enough of their sentence to be at least eligible for parole. This claim is not properly brought in habeas petition and petitioner is part of the class action, Gilman v. Fisher, CIV-S-05-0830 LKK GGH, that is challenging Proposition 9. Therefore his claim should be dismissed without prejudice[3]

---

[3] A member of a class action seeking equitable relief cannot raise those same claims in a separate equitable action. Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir. 1979). See also McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for injunctive relief from alleged unconstitutional prison conditions cannot be brought where there is an existing

1          Accordingly, IT IS HEREBY ORDERED that a district judge be assigned to this
2 case.

3          IT IS HEREBY RECOMMENDED that this petition be denied for the reasons
4 discussed above.

5          If petitioner files objections, he shall also address if a certificate of appealability
6 should issue and, if so, as to which issues.  A certificate of appealability may issue under 28
7 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a
8 constitutional right." 28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate
9 which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

10         These findings and recommendations are submitted to the United States District
11 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
12 days after being served with these findings and recommendations, any party may file written
13 objections with the court and serve a copy on all parties.  Such a document should be captioned
14 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
15 shall be served and filed within seven days after service of the objections.  The parties are
16 advised that failure to file objections within the specified time waives the right to appeal the
17 District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

18 DATED: October 10, 2012

                              /s/ Gregory G. Hollows
19                       UNITED STATES MAGISTRATE JUDGE

GGH: AB - hine2508.parole.scrnII
20

---

21 class action.  To permit them would allow interference with the ongoing class action."); <u>Gillespie v. Crawford</u>, 858 F.2d 1101, 1103 (5th Cir. 1988) ("To allow individual suits would interfere
22 with the orderly administration of the class action and risk inconsistent adjudication.").  Indeed, "[a] district court has inherent power to choose among its broad arsenal of remedies when
23 confronted with situations where, as here, continued litigation of a matter would create undue hardship on the litigating parties, or would improvidently circumscribe the actions of another
24 court handling a prior certified action." <u>Crawford</u>, 599 F.2d at 892 (quoting <u>Tate v. Werner</u>, 68 F.R.D. 513, 520 (E.D. Pa 1975).  Moreover, "increasing calender congestion in the federal courts
25 makes it imperative to avoid concurrent litigation in more than one forum whenever consistent with the rights of the parties."  Finally, it makes little sense to adjudicate the issue under an
26 AEDPA reasonableness standard here when the class action will proceed under a de novo review.